UNITED STATES *v.* KIMBALL.

1. A collector of internal revenue, when sued on his bond for the balance of taxes charged to him under sect. 3218, Rev. Stat., is entitled to a credit for all uncollected taxes he transferred to his successor, if he proves that he used due diligence to collect them.

2. The certificate of the Commissioner of Internal Revenue, that the collector used such due diligence, is a condition precedent to the allowance of a credit on the books of the treasury by the First Comptroller, before the suit was brought, but not to a defence upon the trial.

3. The rejection by the Commissioner of a claim for such credit presented by the collector entitles the latter, when sued for such taxes, to prove his claim.

ERROR to the Circuit Court of the United States for the Eastern District of Arkansas.

Fhis was an action brought by the United States upon the bond of a collector of internal revenue. The breach assigned was his failure to pay over the balance alleged to be due July 1, 1871, for stamps and other property transmitted to him by the proper officers of the government, and for public moneys which he had collected.

The plaintiff put in evidence a certified account from the books of the Treasury Department showing the balance due. It appears that, on going out of office, the collector turned over to his successor a list of uncollected taxes to that amount. Evidence was introduced tending to show that he had used due diligence to collect them, and applied to the Commissioner of Internal Revenue for a credit to the amount of them. His claim to a credit was rejected by that officer.

The court charged the jury, in substance, that the collector, having made an unsuccessful application to the proper department for the credit, had a right to make claim therefor on the trial, if under the law and the facts he was entitled to it.

The court refused to instruct the jury that the receipt of the collector's successor in office showing such lists was not entitled to weight as evidence, unless accompanied by the certificate of the Commissioner of Internal Revenue or the First Comptroller of the Treasury, that due diligence had been used by the collector; and as no such certificate was offered in the case, the receipt should be disregarded by the jury.

The United States excepted to the charge given and to that refused. Judgment was rendered for the defendant, and the United States sued out this writ.

*Mr. Assistant Attorney-General Smith* for the United States. There was no opposing counsel.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

In a suit against a collector of internal revenue on his bond for a balance of taxes charged to him under the provisions of sect. 3218, Rev. Stat., he is entitled to a credit for all uncollected taxes transferred by him to his successor in office, if he proves that due diligence was used by him for their collection.

The certificate of the Commissioner of Internal Revenue is a condition precedent to a credit by the First Comptroller of the Treasury before suit, but not to a defence upon the facts if a suit is brought.

The presentation to the Commissioner of Internal Revenue by a collector of a claim for credit in his account, and its rejection by him, is such a presentation of the claim " to the accounting officers of the treasury for their examination," and disallowance by them, as will permit the collector, under sect. 951, Rev. Stat., to make proof of his claim in a suit brought against him by the United States to collect what is due from him on his account.

*Judgment affirmed.*